**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4134

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHANTE EZEQUIEL TAYLOR,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-03-314)

Submitted:  July 29, 2005          Decided:  October 11, 2005

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anne R. Littlejohn, LAW OFFICE OF ANNE R. LITTLEJOHN, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Chante Ezequiel Taylor pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court imposed a guidelines sentence of 110 months' imprisonment. Taylor attacks only his sentence on appeal and asserts his guidelines sentence was imposed in violation of the Sixth Amendment under United States v. Booker, 125 S. Ct. 738 (2005) (the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment). Specifically, Taylor claims that his Sixth Amendment rights were violated when the district court enhanced his offense level four levels, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2003), because Taylor possessed a firearm in connection with another felony offense, namely possession with intent to sell or deliver cocaine.

Because Taylor did not raise this issue below, our review is for plain error. To establish plain error, Taylor must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if Taylor makes this showing, we will correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal citations omitted).

To establish that a Sixth Amendment error occurred in his sentencing, Taylor must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts he admitted. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). Assuming that Taylor did not admit that he possessed a firearm in connection with another felony offense, and the challenged four point enhancement is disregarded, Taylor's maximum total offense level would have been twenty-four rather than twenty-eight.[*] Based on offense level twenty-four and Taylor's criminal history category of VI, Taylor's sentencing range would have been 100 to 125 months without the challenged four point enhancement. Taylor's sentence of 110 months fell squarely within that range. Because Taylor's sentence did not exceed the maximum authorized by the facts of the offense to which he pled guilty, no Sixth Amendment violation occurred.

---

[*]As in United States v. Evans, 416 F.3d 298 (4th Cir. 2005), for purposes of determining whether a Sixth Amendment violation occurred, the sentence imposed on Taylor is compared against the guideline range that was properly determined (thus not considering the challenged four point enhancement) before that range was adjusted to account for the three-point reduction in offense level Taylor received for acceptance of responsibility.

To the extent Taylor argues that the district court's treatment of the sentencing guidelines as mandatory requires resentencing, this claim also fails. Because Taylor did not object to the application of the sentencing guidelines as mandatory, appellate review is for plain error. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). In White, we held with regard to a defendant whose appeal was pending when Booker was decided that it was error, that was plain, for the district court to treat the guidelines as mandatory. Id. at 217. However, to satisfy the third prong of plain error analysis a defendant must show that he was actually prejudiced. Id. at 223 (error did not affect substantial rights when court indicated it was content with the guidelines range and sentence).

Taylor has not demonstrated that the error of sentencing him under the mandatory guidelines regime affected the outcome of the district court proceedings. The district court judge made no statements at sentencing indicating that he wished to sentence Taylor below the guideline range but that the guidelines prevented him from doing so. In addition, the district court judge specifically noted at sentencing that "quite frankly, if the sentencing range were lower, I probably would not consider [sentencing Taylor at the low end of the guideline range] . . . because of Mr. Taylor's record." The district court further expressed that Taylor's "record is not good" and that he should

have received "more severe punishment for other crimes." Given these comments at sentencing, and the utter absence of any indication that the district court would have given a lower sentence had it been aware that application of the sentencing guidelines was discretionary, Taylor fails to demonstrate that application of the guidelines as mandatory affected his substantial rights. Therefore, we affirm Taylor's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED